# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASENO CIV-15-1286-R |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS VETERANS | ) | |
| ADMINISTRATION HOSPITAL; | ) | |
| VETERANS ADMINISTRATION OF | ) | |
| MUSKOGEE; VETERANS | ) | |
| ADMINISTRATION OF ST PAUL; | ) | |
| FEDERAL BUREAU OF INVESTIGATION; | ) | |
| DAVID PRATER; E SCOTT PRUITT; | ) | |
| CITY OF OKLAHOMA CITY; OKLAHOMA | ) | |
| CITY POLICE DEPARTMENT, OKLAHOMA | ) | |
| COUNTY JAIL; OKLAHOMA COUNTY | ) | |
| BOARD OF COUNTY COMMISSIONERS, | ) | |
| OKLAHOMA STATE BUREAU OF | ) | |
| INVESTIGATIONS, and STAN FLORENCE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action against Defendant in the District Court of Oklahoma County, which was removed by Defendants Veterans Administration of St. Paul, Veterans Administration Hospital, United States Department of Justice, Federal Bureau of Investigation and Veterans Administration of Muskogee. Certain Defendants filed motions to dismiss prior to removal and renewed those motions in accordance with the Court's Local Rules. See Doc. No. 6, Motion to Dismiss by Defendant David Prater and E. Scott Pruitt;  Doc. No. 8, Motion to Dismiss, Oklahoma County Jail and Board of

County Commissioners; and Doc. No. 10, Motion to Dismiss by the City of Oklahoma City and Kristy Yager and/or Chief Citty.[1] The removing Defendants also filed a Motion to Dismiss (Doc. No. 11). On December 9, 2015, Plaintiff filed a packet of documents that the Court will liberally construe as his response to the motions to dismiss pursuant to *Haines v. Kerner*, 401 U.S. 519 (1972). Therein he states that he did not list the Department of Corrections as a Defendant, and accordingly, the Court hereby dismisses the Department of Corrections from this action. Furthermore, despite granting liberal construction to Mr. Wilson's petition and his response, the Court finds that dismissal of the claims against all of the movants is proper.

Defendants Prater and Pruitt seek dismissal on the basis that Plaintiff is attempting to re-litigate claims previously dismissed by this Court, the United State District Court for the Eastern District of Oklahoma, and the Tenth Circuit.[2] Defendants complain the complaint is too vague and incoherent to state a claim, that they are improperly named and lack the capacity to be sued and that the Court lacks subject matter jurisdiction over this case. Doc. No. 6. Defendants Oklahoma County Jail and the Board of County

---

[1] Plaintiff's petition did not set forth a caption that included the names of any parties nor did he include a list of Defendants in the petition. He states that the defendants are intended to be the same Defendants as those he sued in Case No. CIV-13-117, which was filed in the Eastern District of Oklahoma. The list of Defendants herein was likely extracted from the request for service documents requested and/or filed by Plaintiff in the District Court of Oklahoma County prior to removal.

[2] In Case No. 12-1131-HE, Judge Heaton imposed filing restrictions on Plaintiff. Those restrictions do not apply to this removed case, although this case suffers from many of the same infirmities as his many prior actions.

Commissioners for Oklahoma County seek dismissal on the grounds that there are no allegations against the Jail, the Jail lacks the capacity to be sued, Plaintiff's claims are barred by governmental immunity, and the petition is so deficient that the parties have been deprived of notice of the claims against them, in part because the petition is both illegible and unintelligible. Doc. No. 8.

The City, Bill Citty, the chief of the Oklahoma City Police Department, and Kristy Yager, sought dismissal because Plaintiff failed to timely serve process, failed to plead compliance with the Oklahoma Governmental Tort Claims Act, the Petition fails to state a claim upon which relief can be granted, and that Plaintiff's claims are barred by either issue preclusion or *res judicata*. Doc. No. 10. The federal Defendants seek dismissal on the basis that the petition is incomprehensible, and in light of Plaintiff's history of vexatious litigation, Plaintiff should not be granted leave to amend. Doc. No. 11.

The Petition filed herein contains copies of newspaper articles that are heavily underlined, which Plaintiff contends establish violations of due process. Doc. No. 1-2. The articles, however, have nothing to do with Plaintiff and thus cannot, even with the most liberal construction, be used to support his claim against any Defendant. The remaining portions of the petition rarely, if ever, address any of the named Defendants, and where any particular Defendant is referenced, the facts affiliated with the name are wholly insufficient to support any type of claim against the person or the entity.[3] Plaintiff

---

[3] Plaintiff also requests remand to state court in his Motion filed on December 9, 2015. Doc. No. 13-1, p. 4.

attempts to avoid dismissal by filing an untitled document on December 9, 2015. The allegations therein, however, are not sufficient to avoid the motions filed herein. The narrative provided therein is largely rambling and fails to clearly identify what claims, if any, Plaintiff might legitimately have against any of the defendants herein. As such, the Court hereby grants the motions to dismiss filed by The City of Oklahoma City, Bill Citty, Kristy Yager, the Oklahoma County Jail, Scott Pruitt, the Veterans Administration, in Oklahoma City, St. Paul and Muskogee, the Department of Justice, the Federal Bureau of Investigation and David Prater. The sole remaining Defendant appears to be the OSBI and perhaps one of its agents, Stan Florence. The case against those Defendants is hereby remanded to the District Court of Oklahoma County pursuant to 28 U.S.C. § 1367, as the Court declines to exercise jurisdiction over any claim Plaintiff is attempting to pursue against those Defendants.[4]

---

[4] In light of the absence of the pleading of any true claims against any Defendant, the Court concludes that it has dismissed all claims Plaintiff's petition did not set forth a caption that included the names of any parties nor did he include a list of Defendants in the petition. He states that the defendants are intended to be the same Defendants as those he sued in Case No. CIV-13-117, which was filed in the Eastern District of Oklahoma. The list of Defendants herein was likely extracted from the request for service documents requested and/or filed by Plaintiff in the District Court of Oklahoma County prior to removal.

[4] In Case No. 12-1131-HE, Judge Heaton imposed filing restrictions on Plaintiff. Those restrictions do not apply to this removed case, although this case suffers from many of the same infirmities as his many prior actions.

[4] Plaintiff also requests remand to state court in his Motion filed on December 9, 2015. Doc. No. 13-1, p. 4.

[4] In light of the absence of the pleading of any true claims against any Defendant, the Court concludes that it has over which it had original jurisdiction under 28 U.S.C. §

For the reasons set forth herein, the Motions to Dismiss (Doc. Nos. 6, 8, 10 and 11) are hereby GRANTED and upon Plaintiff's representations the Department of Corrections is hereby DISMISSED. The Clerk is directed to remand this matter to the District Court of Oklahoma County.

IT IS SO ORDERED this 21st day of December, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

1442(a)(1).